**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE LEE DAWSON, II )<br>        *Plaintiff,* )<br>)<br>   *v.* )<br>)<br>OFFICER REGINALD GRAHAM )<br>*BADGE NO. #6214* )<br>OFFICER CARLOS BUITRAGO )<br>*BADGE NO. #7209* )<br>CITY OF PHILADELPHIA )<br>        *Defendants.* )<br>) | Case No. _____<br><br>Civil Rights action under 42 U.S.C. § 1983,<br>for 4th and 14th Amendment, Due Process<br>violations for malicious prosecutions, and<br>*Monell* theories of liability |

## CIVIL ACTION - COMPLAINT

Plaintiff, Wayne Lee Dawson, II, through undersigned attorney, Lucas T. Nascimento, Esq., does hereby file this Complaint and avers the following:

### I. Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(1), (3), (4) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction over state law claims based on supplemental jurisdiction is proper under 28 U.S.C. § 1367.

4. This action is timely where for malicious prosecution and false arrest the statute of limitations under the laws of the Commonwealth of Pennsylvania runs 2-years from the date of acquittal. 42 Pa.C.S. § 5524

5. The amount in controversy, exclusive of interest and costs, exceeds the sum of One-Hundred Fifty Thousand ($150,000) Dollars.

## II.    Venue

6. All the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside within the jurisdiction limits.

7. Accordingly, the venue is proper under 28 U.S.C. § 1391(b) and (c).

## III.    Parties

8. Plaintiff Wayne L. Dawson, II is an adult individual citizen of the Commonwealth of Pennsylvania.

9. Defendant Reginald Graham (Badge No. #6214) was at all times relevant to this Complaint, employed as a police officer for the City of Philadelphia and was acting under the color of state law; being sued here in both his individual and official capacities.

10. Defendant Carlos Buitrago (Badge No. #7209) was at all times relevant to this Complaint, employed as a police officer for the City of Philadelphia and was acting under the color of state law; being sued here in both his individual and official capacities.

11. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which at all times relevant to this action employed Defendants Graham and Buitrago.

## IV.    Statements of Fact

12. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶ 1. - 11.

13. Plaintiff was unlawfully arrested on September 9, 2010 in Philadelphia County at 32nd & Diamond Street based on false and misleading information provided in a criminal conspiracy between Defendants Graham and Buitrago.

14. Plaintiff was falsely charged with possession with intent to deliver a controlled substance, namely marijuana, in the matter of <u>Commonwealth of Pennsylvania v. Wayne Lee Dawson, II</u>; CP-51-CR-0005053-2011, Philadelphia County Court of Common Pleas.

15. The Philadelphia Police Officers involved in the arrest, search warrant, bringing of criminal charges and police officer sworn testimony were Leslie Baker, Brian Hilbert, Reginald Graham, Carlos Buitrago, Kevin Keys, John Snyder, and Detective John Brady.

16. A bench trial before the Hon. Judge Linda Carpenter was held from September 24 thru September 27, 2013, *in absentia* and without adequate due process protections, whereupon Plaintiff was found guilty.

17. Philadelphia District Attorney Seth Williams[1] was involved in the criminal prosecution, charging documents, and warrant of Plaintiff which were wrongfully issued in violation of his constitutional rights under the 4th and 14th Amendments.

18. Defendant Reginald Graham in concert and criminal conspiracy with Defendant Carlos Buitrago did make false and fabricated statements to other police personnel, and to tribunals and courts in Philadelphia County, in order to secure search warrants and to falsify testimony and evidence to be used against Plaintiff in furtherance of an ongoing pattern and practice of continuous violations against innocent individuals.

19. The intentional acts of Defendant Reginald Graham and Defendant Carlos Buitrago were intended to carry out official acts, under color of law, of police misconduct and official

---

[1] See infra fn. 4

corruption which amounted to the commission of the torts of false arrest and malicious prosecution for drug crimes, for which Plaintiff was wrongfully incarcerated.

20. Plaintiff did maintain his innocence throughout the ordeal of being falsely accused, prosecuted, and wrongfully incarcerated.

21. In December 2013, only two months after Plaintiff's trial in September 2013, Defendant Reginald Graham became himself the subject of a federal investigation into police wrongdoing and willful misconduct and official corruption involving himself and several other members and co-conspirators from the Narcotics Field Unit (NFU) where he worked as a police officer since September 2000.

22. In November 2013, only one month after Plaintiff's trial in September 2013, Defendant Reginald Graham approached Special Agents of the Federal Bureau of Investigations (FBI) regarding his knowledge of the criminal activities conducted by himself and his fellow police officers in the NFU.

23. Detective Jeffrey Walker, a criminally convicted police officer with the NFU, had already informed the FBI of Defendant Reginald Graham's involvement in criminal activity.

24. Finally, on October 28, 2016 the Philadelphia Police Department, a law enforcement agency of Defendant City of Philadelphia, charged Defendant Reginald Graham with "Conduct Unbecoming" for engaging in criminal activity and issued a Police Board of Inquiry (PBI) Statement of Charges Filed and Action Taken.

25. On March 8, 2017, Defendant Reginald Graham was found guilty by PBI.

26. Information regarding Defendant Reginald Graham's acts of official corruption and police misconduct were known to the City of Philadelphia, and both its law enforcement components being the Philadelphia Police Department and the District Attorney's Office.

27. On September 22, 2023, all charges brought against Plaintiff, Wayne L. Dawson, II were *nolle prossed* on motion of the District Attorney of Philadelphia County based on admissions of police misconduct involving Defendants, and because the totality of the circumstances surrounding Plaintiff's arrest and criminal prosecution were known for over 10-years by the Defendant City of Philadelphia to be tainted with proven police conduct, constitutional violations, and rampant official corruption in the NFU.

28. Philadelphia Police Department (PPD) Defendants Reginald Graham and Carlos Buitrago, from the date of Plaintiff's arrest in 2010 through the date of his trial in September 2013, had already been reported for, sued, and placed under state and federal investigation of suspected of police abuse and misconduct, official wrongdoing and corruption, and conducted police work alongside other Philadelphia Police Officers in the NFU who were ultimately successfully prosecuted and criminally convicted for police misconduct.

29. Philadelphia Police Department (PPD) Defendant Reginald Graham and Carlos Buitrago have also been sued multiple times for their police misconduct before this Honorable Court, including the City of Philadelphia for its pattern, practice, and custom of mishandling police misconduct issues with significant evidence of a pattern practice, and custom of deliberate indifference towards repeated violations of constitutional rights of defendants.

30. By the date of Plaintiff's arrest, September 10, 2010, through his final date of trial in September, 2013, Defendant Graham and Buitrago had already amassed a large number of serious police misconduct complaints in only a few years on the force, which managed to evade the IAD systems, including prior complaints, grievances, and lawsuits against

them, involving serious abuse of police authority and without any meaningful
disciplinary or remedial actions.

31. Philadelphia Police Department, a law enforcement agency of the City of Philadelphia,
was aware, complicit, and fully on notice of police misconduct being committed by
Defendants Graham and Buitrago, and as a direct and proximate result, did cause
enormous harm and injury to Plaintiff.

32. Plaintiff brings this action under Section 1983 seeking redress and compensation for
injuries sustained as a direct and proximate result of the extraordinary police misconduct
and official corruption of Defendant Reginald Graham and Defendant Carlos Buitrago,
who continuously used unconstitutional and illegal means to secure search warrants via
deception and misrepresentation in order to search persons and property, subject multiple
innocent individuals to unlawful arrest, detention, prosecution, and even sentencing and
other constitutional violations attendant thereto.

33. Plaintiff sues the the City of Philadelphia for his false arrest, malicious prosecution, and
wrongful prosecution, as well as the resulting and attendant wrongful incarceration,
because the constitutional harms and torts committed by Defendants Reginald Graham
and Carlos Buitrago were the direct and proximate result of the improper and unlawful
policies, practices, and customs of the Philadelphia Police Department, which includes all
of its Narcotics Units, and the District Attorney's Office.

34. Defendant City of Philadelphia, beginning as early as the 1980's and continuing openly
and notoriously through the through the time of Plaintiff's false arrest and constitutional
harms suffered, evidenced a deliberate indifference by its policymakers through its overt

complicity in the open, known and notorious unlawful practices and police misconduct of

Defendants and others in its Narcotics Unit.

35. Defendant City of Philadelphia, because of its deliberate indifference as to the serial and

epidemic constitutional harms and committed by Defendants Graham and Buitrago and

others in the NFU, did suffer or permit and otherwise sanction a policy, practice, and/or

custom whose acts of willful misconduct and official corruption which included

fabrication of evidence, suppression of exculpatory evidence, abuse of authority,

misrepresentation of facts, misleading and misdirection, planting of evidence, and even

committing crimes like theft and robbery in the course of employment.

36. Defendant City of Philadelphia, through its acts or omissions, adopted a policy, practice

and custom of failing, with deliberate indifference, to supervise, monitor, and properly

correct discipline, and/or train police officers, particularly those in the NFU, with respect

to known and repeated ongoing instances of 1) failing in their official duties to provide

only truthful and verifiable information in securing search and arrest warrants, 2) failing

to disclose exculpatory evidence in criminal cases, 3) failure to ensure relationships and

dealings with confidential informants were legal and in accord with Police Department

policies and within constitutional bounds, 4) failure in official duty to provide accurate

and truthful information to the prosecutor's office, 5) failing in obligation to effectuate

only lawful arrests on adequate legal grounds, 6) failing in duty to report and disclose

police misconduct, illegal actions, and criminal conduct of fellow police officers to

internal affairs, 7) failure to properly and legally execute search warrants, including

reporting of thefts of contraband and monies seized from illegal activities, and 8) failing

to only initiate criminal charges and pursue prosecution when based strictly in verifiable

7

and credible evidence and information obtained solely through lawful means, and not fabricating evidence or falsifying testimony to manipulate and effectuate nefarious law enforcement objectives.

**COUNT I**
**Plaintiff Wayne L. Dawson, II**
**42 U.S.C. § 1983**
**Against Defendants Reginald Graham**

37. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶ 1. - 36.

38. The following conduct of Defendant Reginald Graham, acting under the color of state law, was undertaken in concert and civil conspiracy in intentional and malicious effort to falsely arrest and maliciously prosecute Plaintiff, and thereby deprive him of his civil and constitutional rights, under the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

39. In 2013, Defendant Graham was already the subject of state and federal investigations involving abuse of police authority, police misconduct, and official corruption.

40. In June 2016, Defendant Reginald Graham admitted to falsifying answers and lying to Philadelphia Police Department, Internal Affairs Division (IAD), regarding a polygraph test administered by the Federal Bureau of Investigation (FBI) in May of 2014 regarding theft of monies confiscated during drug raids in 2003 and 2005.

41. In March 2018, the District Attorney's Office, a law enforcement agency of the City of Philadelphia, publicly disclosed a "Do Not Call" or "DNC" list of police officers whose credibility was so severely tainted by police misconduct, that they were not deemed fit to testify in court, upon information and belief, Defendant Reginald Graham among others at the NFU were included.

42. Federal investigations and internal affairs reports revealed allegations that Defendant Graham had engaged in a multitude of incidents of corrupt and illegal behavior, including lying to various investigators, failing a polygraph test, and stealing cash from drug dealers during execution of search warrants and raids.

43. Detective Jeffrey Walker, mentioned above, had also testified that he and Graham had stolen money together.

44. On around the time of Plaintiff's arrest in September 2010, and by the time of his bench trial in absentia in September 2013, and most certainly prior to his acquittal in 2023, the Defendant Reginald Graham was a known corrupt agent of the Philadelphia Police Department and the Defendant City of Philadelphia and had already committed a number of documented and proven acts of police misconduct and official corruption, in concert and civil conspiracy with Defendant Carlos Butriago, and other police officers.

45. Defendant City of Philadelphia failed in its constitutional duty in that through deliberate indifference did continue to permit Defendant Reginald Graham to wreak havoc on the public, as evidenced in the following civil lawsuits outlined by paragraph in this complaint, yet somehow miraculously managing to avoid criminal prosecution.

*I. Baxley police misconduct case*

46. On October 20, 2015, Defendant Reginald Graham was sued for police misconduct by plaintiff Steven Baxley in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:15-cv-05704.

47. The plaintiff Steven Baxley was wrongfully arrested on February 7, 2015, detained for 16 ½ months, and the criminal matter was *nolle prossed* on June 25, 2015, as a direct and proximate cause of police misconduct committed by Defendant Reginald Graham in

9

concert and civil conspiracy[2] with others, including Defendant Carlos Butriago and others.

## II. Pray police misconduct case

48. On December 3, 2024, Defendant Reginald Graham was sued for police misconduct by plaintiff Derrick Pray in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:24-cv-06445.

49. The plaintiff Derrick Pray was falsely and wrongfully arrested on February 3, 2012 and not acquitted until December 6, 2022 when his charges were *nolle prossed*, having served 3.5 years wrongfully incarcerated and 98 months on unlawful supervision, as a direct and proximate cause of police misconduct committed by Defendant Reginald Graham in concert and civil conspiracy with others, including Defendant Carlos Butriago and others.

## III. Lister police misconduct case

50. On April 26, 2024, Defendant Reginald Graham was sued for police misconduct by plaintiff Ronnie Lister in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:24-cv-01784.

51. The plaintiff Ronnie Lister was falsely and wrongfully arrested on December 13, 2011, and not acquitted until August 12, 2022 when his charges were *nolle prossed*,, all charges brought against Mr. Lister was *nolle pross'd* on motion of the District Attorney of Philadelphia County, as a direct and proximate cause of police misconduct committed by Defendant Reginald Graham in concert and civil conspiracy with others.

---

[2] Under Pennsylvania state law, "[t]o prove civil conspiracy, it must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004); Skipworth by Williams v. Lead Indus. Ass'n, Inc., 690 A.2d 169, 174 (Pa. 1997) (Civil conspiracy requires proof of malice, defined as intent to injure.

### III. Robinson police misconduct case

52. On September 16, 2020, Defendant Reginald Graham was sued for police misconduct by plaintiff Lamar Robinson in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:20-cv-04525.

53. The plaintiff Lamar Robinson was falsely and wrongfully arrested on June 28, 2019, all charges brought against Mr. Robinson was *nolle prossed* on motion of the District Attorney of Philadelphia County based on a finding that the Defendant Reginald Graham acted in police abuse and misconduct and official corruption in concert and civil conspiracy with others[3].

### IV. Sutton police misconduct case

54. On March 5, 2020, Defendant Reginald Graham was sued for police misconduct by plaintiff Andre Sutton in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:20-cv-01300.

55. The plaintiff Andre Sutton was falsely and wrongfully arrested on January 13, 2014, until May 10, 2019 when all charges brought against Mr. Sutton were *nolle prossed* on motion of the District Attorney of Philadelphia County based on a finding that the Defendant Reginald Graham committed police abuse, misconduct, and official corruption in concert and civil conspiracy with others, including Defendant Carlos Buitrago, and others[4].

---

[3] The plaintiff's case also involved **Philadelphia Detective Jeffrey Walker**, Badge # 3730, who was criminally convicted of attempted robbery on February 24, 2014 and *"sentenced [...] to 42 months in prison for a scheme in which he planned to rob a drug dealer while on official duty."* (See https://www.justice.gov/usao-edpa/pr/former-philadelphia-police-officer-sentenced-robbing-drug-dealers, last visited September 21, 2025)

[4] The plaintiff's case also involved former **Philadelphia District Attorney Seth Williams**, who was sentenced today to 60 months in prison on October 24, 2017 travel and use of interstate facilities to promote and facilitate bribery contrary to Pennsylvania law (See https://www.justice.gov/usao-nj/pr/former-philadelphia-district-attorney-rufus-seth-williams-sentenced-five-years-prison, last visited September 21, 2025)

*V. Hasty police misconduct case*

56. On June 18, 2019, Defendant Reginald Graham was sued for police misconduct by
    plaintiff Diane Hasty in the Eastern District Court of Pennsylvania in the civil matter at
    docket number 2:19-cv-02649.

57. The plaintiff Diane Hasty was falsely and wrongfully arrested on March 22, 2005 and
    wrongfully charged with and convicted of narcotics and weapons charges, until April 20,
    2018 when all charges brought against Mr. Sutton were *withdrawn* the District Attorney
    of Philadelphia County based on a finding that the Defendant Reginald Graham
    committed police abuse, misconduct, and official corruption in concert and civil
    conspiracy with others.

58. Defendant Reginald Graham, acting within the scope of his employment and under color
    of state law, in concert and criminal conspiracy with other individuals, did deprive
    Plaintiff of his clearly established Fourteenth Amendment rights to be free from
    deprivation of liberty without due process of law, and to a fair trial.

59. Defendant Reginal Graham in furtherance of the civil conspiracy with Defendant Carlos
    Buitrago, had facilitated numerous overt acts, including, but not limited to the following:

    a. Fabricating evidence, planting evidence, tampering with evidence, and using
       coercion and/or threats to obtain incriminating statements; and

    b. Deliberately deceiving counsel and the court by concealing and/or withholding
       relevant and material evidence, fabricating evidence, tampering with evidence,
       and using coercion and/or threats to obtain inculpatory statements.

60. Defendants' acts and omissions, as described above, were the direct and proximate cause
    of Mr. Dawson 's injuries, and Defendants knew, or should have known, that their

conduct would result in the denial of due process and a fair trial, violations of protections against unlawful search and seizure, violation of due process, and other attendant violations and  constitutional harms.

**COUNT II**
**Plaintiff Wayne L. Dawson, II**
**42 U.S.C. § 1983**
**Against Defendant Carlos Buitrago**

61. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶  1. - 60.

62. Defendant Carlos Buitrago's police misconduct of, acting under the color of state law, was undertaken in concert and civil conspiracy with Defendant Reginald Graham in intentional and malicious effort to falsely arrest and maliciously prosecute Plaintiff, and thereby deprive him of his civil and constitutional rights, under the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

63. Defendant Carlos Buitrago was sued for police misconduct in at least three (3) separate matters involving civil conspiracy with Defendant Reginald Graham, another notorious corrupt police officer who committed illegal acts on a multitude of criminal cases, as averred herein, and known to Defendant City of Philadelphia.

64. Defendant Carlos Buitrago was also sued for police misconduct in at least nine (9) separate matters involving civil conspiracy with Detective Jeffrey Walker, also known as "the Batman", who was notoriously dubbed the masked vigilate because he was aggressive with drug offenders, stole narcotics and money from drug dealers, and was ultimately the subject of multiple state and federal criminal investigations, culminating in the prosecution of police misconduct cases against multiple officers of the NFU, and

ultimately convicted and sentenced for an attempted robbery in a criminal prosecution by the U.S. Attorney's Office for the U.S. District Court for Eastern District of Pennsylvania, in February, 2014 and sentenced to 42 months in prison and a $5,000 fine.

65. Detective Jeffrey Walker was convicted of federal corruption charges after pleading guilty in 2014 having admitted to routinely robbing drug dealers, stealing money, and planting evidence.

66. Detective Jeffrey Walker's cooperation with federal investigators resulted in hundreds of drug convictions being overturned. By 2021, over 1,100 cases had been overturned.

67. Detective Jeffrey Walker's unmasking of police misconduct helped expose rampant corruption in the Philadelphia Police Department and led to numerous civil rights lawsuits against the city, costing Philadelphia over $65 million in settlements since 2017.

## I. *Baxley police misconduct case*

68. On October 20, 2015, Defendant Carlos Butriago was sued for police misconduct by plaintiff Steven Baxley in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:15-cv-05704.

69. The plaintiff Steven Baxley was wrongfully arrested on February 7, 2015, detained for 16 ½ months, and the criminal matter was *nolle prossed* on June 25, 2015, as a result of police misconduct committed by Defendant Carlos Butriago in concert with others, including Defendant Reginald Graham.

## II. *Pray police misconduct case*

70. On December 3, 2024, Defendant Carlos Butriago was sued for police misconduct by plaintiff Derrick Pray in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:24-cv-06445.

71. The plaintiff Derrick Pray was falsely and wrongfully arrested on February 3, 2012 and not acquitted until December 6, 2022 when his charges were *nolle prossed*, having served 3.5 years wrongfully incarcerated and 98 months on unlawful supervision, as a result of police misconduct committed by Defendant Carlos Butriago in concert and civil conspiracy with others, including Defendant Reginald Graham.

### III. Elliott police misconduct case

72. On July 17, 2013, Defendant Carlos Buitrago was sued for police misconduct by plaintiff Jared Elliott in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:13-cv-04166.

73. The plaintiff Jared Elliott was wrongfully arrested on May 25, 2013 and not acquitted until his charges were *nolle prossed* on June 4, 2013, as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[5].

### IV. Barnes, French, White police misconduct case

74. On October 1, 2013, Defendant Carlos Buitrago was sued for police misconduct by plaintiffs Justin Barnes, Jahlil French, and Isiah White in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:13-cv-05752.

75. The plaintiffs Barnes, French, White were wrongfully arrested on May 25, 2012 and not acquitted until charges were *nolle prossed* on June 4 and 5, 2013, as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[6].

### V. Williams police misconduct case

---

[5] See *supra* fn. 3
[6] See *supra* fn. 3

76. On November 6, 2015, Defendant Carlos Buitrago was sued for police misconduct by plaintiffs John Williams in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:15-cv-06038.

77. The plaintiff John Williams was wrongfully arrested on April 10, 2006 and not acquitted until November 8, 2013 when his charges were *nolle prossed* as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[7].

## VI. McGhee police misconduct case

78. On February 22, 2017, Defendant Carlos Buitrago was sued for police misconduct by plaintiffs Nathaniel McGhee and Eliga McGhee in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:17-cv-00832.

79. The plaintiff Nathaniel McGhee and Eliga McGheewas wrongfully arrested on April 10, 2006 and not acquitted until November 8, 2013 when his charges were *nolle prossed* as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[8].

## VII. Davis police misconduct case

80. On April 7, 2017, Defendant Carlos Buitrago was sued for police misconduct by plaintiffs Frank Davis in the Eastern District Court of Pennsylvania in the civil matter at docket number  2:17-cv-01603.

81. The plaintiff Frank Davis was wrongfully arrested on February 22 2010 as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[9].

---

[7] See *supra* fn. 3
[8] See *supra* fn. 3
[9] See *supra* fn. 3

16

82. In September 2016, testimony was taken which revealed the wrongdoing in regards to police misconduct and official corruption involving defendants, including Defendant Charles Butriago.

## VIII. Harris police misconduct case

83. On March 10, 2020, Defendant Carlos Buitrago was sued for police misconduct by plaintiffs Charles Harris in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:20-cv-01350.

84. The plaintiff Charles Harris was wrongfully arrested on December 22, 2010 and was not acquitted until March 16, 2018 when his charges were *nolle prossed* as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[10].

## IX. Gibbs police misconduct case

85. On May 7, 2015  Defendant Carlos Buitrago was sued for police misconduct by plaintiff Zakee Gibbs in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:15-cv-02538.

86. The plaintiff Zakee Gibbs was falsely and wrongfully arrested on April 25, 2012, and not acquitted until April 6, 2015 when charges were *nolle prossed* on motion of the District Attorney of Philadelphia County as a result of the police misconduct committed by Detected Carlos Butriago in concert and civil conspiracy with others[11].

## X. Clark police misconduct case

---

[10] See *supra* fn. 3
[11] See *supra* fn. 3

87. On February 22, 2022 Defendant Carlos Buitrago was sued for police misconduct by plaintiff Michael Clark in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:17-cv-00833.

88. The plaintiff Michael Clark was falsely and wrongfully arrested on December 12, 2007 and not acquitted until March 6, 2015 when charges were *nolle prossed* on motion of the District Attorney of Philadelphia County.

89. The plaintiff Michael Clark was sentenced to five (5) to ten (10 years of wrongful incarceration, from December 12, 2007 until March/April 2015, because of the police misconduct of Defendant Carlos Buitrago, acting in concert and civil conspiracy with others[12].

## XI. Sample police misconduct case

90. On January 4, 2019 Defendant Carlos Buitrago was sued for police misconduct by plaintiff Charles Sample in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:19-cv-00051.

91. The plaintiff Charles Sample was falsely and wrongfully arrested on January 6, 2011 and not acquitted until January 6, 2017 when charges were *nolle prossed* on motion of the District Attorney of Philadelphia County, as a result of police misconduct and official corruption of Defendant Carlos Buitrago in concert and civil conspiracy with others[13].

## XII. Sutton police misconduct case

92. On March 5, 2020 Defendant Carlos Buitrago was sued for police misconduct by plaintiff Andre Sutton in the Eastern District Court of Pennsylvania in the civil matter at docket number 2:20-cv-01300.

---

[12] See *supra* fn. 3
[13] See *supra* fn. 3

93. The plaintiff Andre Sutton was falsely and wrongfully arrested on January 13, 2014, until May 10, 2019 when all charges brought against Mr. Sutton were *nolle prossed* on motion of the District Attorney of Philadelphia County based on a finding that the Defendant Carlos Buitrago committed police abuse, misconduct, and official corruption in concert and civil conspiracy with others, including Defendant Reginald Graham and others.

**COUNT III**
**Plaintiff Wayne L. Dawson, II**
**42 U.S.C. § 1983**
**Against Defendant City of Philadelphia**

94. Plaintiff incorporates all prior paragraphs and pleadings, ¶¶ 1. - 93.

95. Defendant City of Philadelphia, by its final policy makers, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations committed by Defendants Reginal Graham and Defendant Carlos Buitrago, at all times relevant to the pleadings.

96. Defendant City of Philadelphia routinely and systemically failed to take any appropriate or reasonable remedial measures to prevent, report, censure, or discipline the kind of police misconduct and official corruption of the nature committed repeatedly by Defendant Reginald Graham and Defendant Carlos Buitrago; of the same and similar nature as suffered by Plaintiff, e.g. false arrest, malicious prosecution, and wrongful incarceration.

97. Defendant City of Philadelphia, by its final policy makers, was at all times relevant to the pleadings, deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department

(PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct;

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations;

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

 j. Despite the fact that defendants Walker and Graham had amassed an exceptionally large number of serious misconduct complaints in only a few years on the force, the officers stayed well below the radar of an early warning system;

 k. Despite multiple prior complaints and lawsuits against Defendants Graham and Buitrago, the great majority of which involved abuses of police authority, the PPD took no meaningful disciplinary or remedial actions, and no meaningful steps to more closely monitor, retrain and supervise the officer;

 l. The PPD did nothing to respond meaningfully to the red flags evidenced in the aggregate performances of defendants Walker and Graham; and

 m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases.

98. Defendant City of Philadelphia, by its final policy makers, is deliberately indifferent to the need to train, supervise and discipline police officers and has failed to ensure that there is an effective internal disciplinary system.

99. Defendant City of Philadelphia, by its final policy makers, has encouraged, tolerated,ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

 a. Unlawful detentions, unlawful arrests and malicious prosecutions by police officers;

b.  The proper exercise of police powers, including but not limited to unlawful arrest, unlawful detention, and malicious prosecution;

c.  The fabrication and deliberate concealment of material evidence by police officers;

d.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

e.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f.  Police officers' use of their status as police officers to employ unlawful arrests and malicious prosecutions, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

g.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of arrest powers under such circumstances as presented in this case; and

h.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

100.  Defendant City of Philadelphia, around the time of Plaintiff's arrest, prosecution, sentencing, and ultimately prolonged and protracted wrongful incarceration, and at all times relevant to the pleadings, had in force and effect policies, practices, and customs of unconstitutional police misconduct which plagued and festered in the Narcotics Field

Units of the Philadelphia Police Department, including fabricating inculpatory evidence, withholding exculpatory evidence, fabricating testimony and crimes of perjury and official corruption.

101.    Defendant City of Philadelphia maintained with deliberate indifference a pattern, practice, policy, and/or custom of "articulating" or falsifying information in order to fabricate probable cause to arrest, to conduct search warrant, and to prosecute innocent people of crimes, meanwhile in concert and civil conspiracy, concealing through fraud and other illegal means the improper and illegal motives and police misconduct, directly including the known and notoriously egregious conduct of Defendant Reginald Graham and Defendant Carlos Buitrago, and others.

102.    Defendant City of Philadelphia, through its policymakers and supervisors with respect to the NFU, continued to perpetuate with deliberate indifference a pattern, practice, and custom of harmful constitutional violations of multiple innocent people, despite a series of warning red flags including complaints, investigations, and grievances carried out by newspapers, the District Attorney's Office, state and federal governmental investigations, complaints from attorneys, their clients, and civilians, internal police investigations, and a series of tens and tens of civil rights lawsuits, each including and implicating directly Defendant Reginald Graham and Defendant Carlos Buitrago, among others.

103.    Defendant City of Philadelphia knew and was aware of the police misconduct and official corruption, particularly with respect to Defendant Reginald Graham and Defendant Carlos Buitrago, among others in the NFU, but nevertheless with deliberate indifference maintained a pattern, policy, practice, and/or custom of perpetuating wrongs

and harms committed by Defendants and other police officers, even in the fact of known state and federal investigations, and complaints and questions raised by state and federal prosecutors, and even some judges at the time.

104.    As direct result of the intentional acts of Defendant Reginald Graham and Defendant Carlos Buitrago, Plaintiff suffered constitutional harms and torts of false arrest, malicious prosecution, and the attendant wrongful incarceration that caused him suffer pain, humiliation, loss of freedom, frustration, grief, anger, and emotional distress, over a prolonged and protracted period of time, among other severe non-economic damages and emotional distress.

105.    As direct result of the deliberate indifference of Defendant Reginald Graham and Defendant Carlos Buitrago, Plaintiff suffered constitutional harms and torts of false arrest, malicious prosecution, and the attendant wrongful incarceration that caused him suffer pain, humiliation, loss of freedom, frustration, grief, anger, and emotional distress, over a prolonged and protracted period of time, among other severe non-economic damages and emotional distress.

106.    Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

**COUNT IV**
**Plaintiff Wayne L. Dawson, II**
**Supplemental State Claims**
**Defendant Reginald Graham**
**Defendant Carlos Buitrago**

107.    Plaintiff incorporates all prior paragraphs and pleadings, ¶¶ 1. - 106.

108.    The acts and police conduct of Defendant Graham and Buitrago outlined and averred in this federal cause of action constitute the intentional torts of unlawful arrest and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

109.    The acts and police conduct of Defendant Graham and Buitrago constituted willful misconduct, being outside the lawful scope of employment and not protected by government immunity under the Political Subdivision Tort Claims Act (PSTCA).


WHEREFORE, the plaintiff requests the following relief:

   a. Compensatory damages as to all defendants;

   b. Punitive damages as to the individual defendants;

   c. Reasonable attorney's fees and costs as to all defendants;

   d. Such other declaratory and further relief as appears reasonable and just; and

   e. A jury trial as to each defendant and as to each count.


Date:    09/21/2025                    Respectfully submitted,


                    */s/ Lucas T. Nascimento, Esq.*
                    Lucas T. Nascimento, Attorney at Law
                    Land Title Building
                    100 S. Broad St., Ste. 1830
                    Philadelphia, PA 19110
                    P: 215-944-4428
                    C: 609-703-3441
                    Nascimentolaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WAYNE L. DAWSON, II, )<br>*Plaintiff,* )<br> )<br>*v.* )<br> )<br>REGINALD GRAHAM, et. al. )<br>*Defendants.* )<br> ) | Case No. _____ |

**VERIFICATION**

Pursuant to Fed.R.Civ.P. Rule 11, the undersigned counsel avers, under penalty of perjury, that the facts and averment contained in the foregoing Verified Complaint are true and correct to the best of his knowledge, understanding and belief.

Date:   09/21/2025

*/s/ Lucas T. Nascimento, Esq.*

Lucas T. Nascimento, Attorney at Law
Land Title Building
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com